United States District Court
Southern District of Texas
**ENTERED**
December 08, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIERA COLLINS, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-2198 |
| | § | |
| BP EXPLORATION & | § | |
| PRODUCTION, INC., *et al.*, | § | |
|    Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 36] filed by Defendants BP Exploration & Production Inc. and BP America Production Company (collectively, "BP"). Counsel of record for Plaintiff Tiera Collins has withdrawn, and Plaintiff is proceeding *pro se*. *See* Order [Doc. # 35]. By Order entered October 27, 2020, the Court directed Plaintiff to file any opposition to the Motion by November 24, 2020. *See* Order [Doc. # 40]. Plaintiff was "cautioned that her failure to respond could result in summary judgment being granted in Defendants' favor." *Id*. Plaintiff has neither filed any opposition to the Motion, nor requested additional time to do so.

Plaintiff filed this Back-End Litigation Option ("BELO") lawsuit pursuant to the BELO provisions of the Medical Benefits Class Action Settlement Agreement ("MSA") in MDL No. 2179. Plaintiff alleges that she has various medical conditions

caused by her exposure to chemicals and other substances while she was working as a Clean-Up Worker following the *Deepwater Horizon* incident. *See* Complaint [Doc. # 1], ¶¶ 13, 16. Defendants have moved for summary judgment, and the Motion is now ripe for decision.

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013). "The court shall grant summary judgment if a movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Celotex*, 477 U.S. at 322-23; *Curtis*, 710 F.3d at 594.

In its Motion, BP argues that Collins's claim fails because she cannot prove causation. A plaintiff pursuing a BELO lawsuit under the MSA must prove causation. *See Trevino v. BP Exploration & Prod. Inc.*, 2020 WL 4679575, *2 (S.D. Tex. June 26, 2020); *Wilburn v. BP Expl. & Prod. Inc.*, Case No. 4:19-cv-898 (S.D. Tex. June 24, 2020). A plaintiff must prove causation through evidence that, at a minimum, includes "[s]cientific knowledge of the harmful level of exposure to a chemical, plus

knowledge that the plaintiff was exposed to such quantities." *See Seaman v. Seacor Marine, LLC*, 326 F. App'x 721, 722 (5th Cir. Apr. 30, 2009). Therefore, expert testimony is required to prove causation in a BELO lawsuit. *See Trevino*, 2020 WL 4679575 at *2.

Collins designated Mark D'Andrea, M.D., as her only expert. *See* Amended Expert Disclosures, Exh. A-1 to Motion. In response to a subpoena for all records related to Plaintiff, Dr. D'Andrea submitted an "Affidavit in Response to Subpoena" in which he stated under penalty of perjury that he is "unable to offer testimony on causation of Ms. Collins' alleged physical injuries . . .." *See* Affidavit, Exh. A-3 to Motion, ¶ 4.

Collins has failed to present expert testimony as to causation because her only designated expert has admitted he cannot offer causation testimony. As a result, it is hereby

**ORDERED** that Defendants' Motion for Summary Judgment [Doc. # 36] is **GRANTED**. The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas, this 8th day of **December, 2020**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE